UNITED STATED BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

In re:                                         )
                                               )
**LYNETTE MOORE,**                             )   **Case No. 10-20045 HRT**
                                               )   **Chapter 13**
**Debtor.**                                    )
                                               )

### ORDER DENYING PLAN CONFIRMATION

      This case came before the Court for confirmation of the Debtor's Third Amended Chapter 13 Plan (docket #39). Following an evidentiary hearing, the Court took the matter under advisement. The Court is now prepared to rule, and hereby finds and concludes as follows.

### FACTUAL BACKGROUND

      The Debtor, Lynette Moore, is employed by Denver Health and Hospital Authority. Her gross salary from Denver Health is $3,473.40 per pay period, and she is paid 26 times per year, so her gross salary on a monthly basis is $7,525.70. She also serves in the U.S. Army and is currently on inactive duty. She receives inactive duty pay from the Army, in the gross amount of $553.20 per month. Her total gross income is $8,078.90 per month.

      As an incentive to enlist, the Army paid $50,000.00 of the Debtor's student loan indebtedness. The payment was made directly to the holder of the Debtor's student loan on November 30, 2009. The Debtor did not receive any cash from the transaction, but the payment was considered taxable income. As a result, the Debtor incurred an additional $10,000.00 tax liability for 2009.

      The Debtor filed her bankruptcy petition on April 27, 2010, within six months of receiving the $50,000.00 student loan payment. Accordingly, the Debtor was required to include the $50,000.00 on her Form B22C as income. The parties agree that the payment was a one-time payment, and including it on the Form B22C artificially inflates the Debtor's income.

      The Form B22C that the Debtor initially filed with her bankruptcy petition (docket #1) listed the Debtor's gross monthly income as $8,360.00, which amount is more than the $8,078.90 that the Debtor receives from Denver Health and the Army, but not enough to include the student loan payment as income (that number would be $16,412.23). The Debtor's initial Form B22C included a $4,188.00 special circumstances deduction on line 57, to account for the student loan income, which resulted in a negative amount for monthly disposable income. The Chapter 13 Trustee objected to the special circumstances deduction.

      As counsel for the Debtor and the Chapter 13 Trustee attempted to resolve the Trustee's objection, the parties exchanged several drafts of Form B22C. Two drafts prepared by the

ORDER DENYING PLAN CONFIRMATION
Case No. 10-20045 HRT

Trustee were admitted into evidence as Debtor's Exhibits 7 and 8. Exhibit 7 was a handwritten form that the Trustee completed using the Debtor's numbers for income and expenses, but also including the student loan payment as income, with a corresponding deduction of an equal amount on line 57 for special circumstances. The calculations on Exhibit 7 yielded a disposable income amount of $1,349.00 per month.

Exhibit 8 was a typewritten form that the Trustee completed in response to the Debtor's discovery request. On Exhibit 8, the Trustee did not include the student loan as income, nor did she include a corresponding deduction for special circumstances on line 57. The Trustee listed $8,078.92 as the Debtor's gross monthly income. She subtracted deductions based on the applicable IRS standards or used the Debtor's numbers, with the significant exception of line 30, for other necessary expenses: taxes. The Debtor's B22C had listed her ongoing tax expense on line 30 as $2,269.00, but the Trustee believed that the Debtor was overwithholding, and her ongoing tax expense should be $1,734.76. The Trustee also eliminated a payment on a second mortgage that was being stripped. The calculations on Exhibit 8 yielded a disposable income amount of $2,057.96.

The Debtor filed a second Form B22C with the Court (docket #40), which was admitted into evidence as Trustee's Exhibit C. On Exhibit C, the Debtor used the same income as on her original Form B22C, $8,360.00. She took a $2,385.00 special circumstance deduction on line 57, which she allocated on a continuation sheet as follows: $2,300.00 for ongoing taxes (in addition to the $2,269.00 included on line 30) and $85.00 for professional licensing and professional associations. The calculations on Exhibit C yielded a negative number for monthly disposable income.

The Debtor's Schedules I and J (Exhibits A and B) reflect available net monthly income of $511.00. The Trustee did not object to any item listed on either schedule, but the Debtor's testimony revealed two significant errors in the schedules. On Schedule I, the Debtor's average monthly income (line 15 and 16) was listed as $4,470.00, but according to the Debtor's pay stubs from Denver Health and from the Army, her net monthly income is actually $5,308.55. On Schedule J, line 17, the Debtor listed non-reimbursed food/travel expenses of $634.00 per month, but according to her testimony, that amount is an annual amount, not a monthly amount. The Court appreciates the Debtor's candor in admitting the errors, which the Court finds to be inadvertent. There was no allegation of bad faith, and the Court finds the Debtor to be a credible witness who appears to have made every effort to provide the Court with accurate information and to comply with the requirements of the Bankruptcy Code.

The Debtor's Third Amended Plan proposes to make monthly plan payments of $511.00, which would pay $10,930.00 to class four unsecured claims. The unsecured claims filed in the Debtor's case total approximately $63,000.00. The Trustee objects to confirmation of the Debtor's Third Amended Plan, arguing that the Plan does not provide for the commitment of all of the Debtor's projected disposable income to be received during the term of the Plan.

ORDER DENYING PLAN CONFIRMATION
Case No. 10-20045 HRT

## DISCUSSION

The parties appear to agree that the $50,000.00 student loan payment made on the Debtor's behalf was a one-time occurrence for which an adjustment may be appropriate under *Hamilton v. Lanning*, 130 S. Ct. 2464, 2478 (2010), but the parties disagree on how any such adjustment should be made. The Trustee has prepared two Form B22Cs – one with the student loan payment included as income and deducted as a special circumstance (Exhibit 7), and one with the student loan payment excluded from both income and deductions (Exhibit 8). Each of the Trustee's B22Cs show a monthly disposable income in excess of $1,000.00. The Debtor has filed two B22Cs, each of which includes a special circumstance deduction that yields a negative monthly disposable income amount. The Debtor argues that she is not able to pay more than the $511.00 monthly net income shown on her Schedules I and J, to which the Trustee has not objected. The Court first turns to the Debtor's Schedules I and J.

### Schedules I and J

The Trustee did not object to the income or expenses listed on the Debtor's Schedules I and J, but the evidence revealed two errors: on Schedule I, lines 15 and 16, the Debtor's average monthly income should have been $5,308.55 (according to her pay stubs), and on Schedule J, line 17, the Debtor's non-reimbursed food/travel expenses should have been $52.83 ($634.00 divided by 12 to reflect the monthly, rather than annual, expense). Making those two changes would result in an increase in the Debtor's net monthly income from $511.00 to $1,930.72.

As a threshold matter, the Court must determine whether it can consider the increase in the Debtor's net monthly income. Ordinarily, in the absence of a timely objection, the Court would not consider alleged errors in a debtor's schedules. The purpose of an objection is to provide the parties an opportunity to examine the specific line items and to provide sufficient evidentiary support. Without an objection, a debtor is not on notice that any particular item may be challenged, and a debtor would not necessarily be prepared to provide evidentiary support at trial. But in this case, the Debtor's pay stubs were in evidence, and there is no dispute that the numbers listed on the Debtor's Schedule I do not match the Debtor's pay stubs. Regarding the Debtor's Schedule J, the Debtor easily identified and candidly admitted the error in the listing for non-reimbursed food and travel expenses. Here, the Debtor has not been prejudiced by the absence of an objection.

Further, the Court must consider the purpose of the Debtor's Schedules I and J within the statutory framework of the BAPCPA. The method by which disposable income is calculated for above-median-income debtors is statutorily mandated in §§ 1325(b)(2) and 707(b)(2). Bankruptcy Form B22C is the procedural form that reflects those required calculations and provides the parties with a method of stepping through them in a consistent and organized manner. Thus, it is the Form B22C that controls this Court's § 1325(b) analysis, not the Debtor's Schedules I and J.

ORDER DENYING PLAN CONFIRMATION
Case No. 10-20045 HRT

The changed circumstances of the Debtor's financial condition, which the Court takes into account under *Lanning*, do not eliminate the role of Form B22C. The Supreme Court's discussion in *Lanning* contains no suggestion that courts are free to abandon BAPCPA's statutory framework for calculating projected disposable income for above-median-income debtors when they account for changed circumstances. To the contrary, the most natural reading of its holding is that, within that established framework, courts shall take certain changes into account. Statutorily, that means disposable income must be calculated in accordance with §§ 1325(b)(2) and 707(b)(2) while accounting for those changes. As a procedural matter, the most transparent method of demonstrating compliance with §§ 1325(b)(2) and 707(b)(2) is by filing an amended Form B22C that reflects the debtor's changed circumstances as of the confirmation hearing date.[1]

Creditors have a right, and the Chapter 13 Trustee has an obligation, to review a Chapter 13 plan for compliance with the best efforts test. That is no less true for a debtor whose circumstances have changed such that *Lanning* allows the changes to be taken into account for confirmation purposes. The entries appearing on Schedules I and J are inapposite to the task of testing compliance with the best efforts test for above-median-income debtors after implementation of BAPCPA.

Schedules I and J have not been rendered irrelevant for above-median-income debtors. They simply support a different confirmation requirement. Since Schedules I and J reflect actual income and expenses, they show whether or not the proposed plan is feasible in light of the actual funds available to the debtor to make plan payments. By contrast, the calculations reflected on the Form B22C form are specifically tailored to address the § 1325(b) best efforts test. Feasibility is different from best efforts; the tests are not interchangeable and neither are the data required to support the two distinct tests for above-median-income debtors. Thus, actual expense and income information supplied on Schedules I and J is required to assess feasibility, while the Form B22C calculations conforming to the requirements of §§ 1325(b)(2) & 707(b)(2) are required to assess compliance with the best efforts test.

Here, the Debtor's Schedules I and J, if amended to reflect the facts in evidence, would show a net monthly income of $1,930.72. The Court will consider that income for purposes of

---

[1] This is not to say that a debtor must file an amended Form B22C in every case in which changed circumstances are present. It may be that no objection is filed, or it may be that any objection can be resolved without the Court's involvement. However, in any changed circumstances case that proceeds to an evidentiary hearing on the issue of disposable income, the Court expects a debtor to file an amended Form B22C reflecting the circumstances existing at the time of confirmation.

ORDER DENYING PLAN CONFIRMATION
Case No. 10-20045 HRT

feasibility of a Chapter 13 plan.[2] In order to determine whether the Debtor has complied with § 1325(b)'s best efforts test, the Court turns to Form B22C.

**Form B22C**

The Court has reviewed the four different B22C forms before it in this case, two filed by the Debtor and two prepared by the Trustee. The evidence before the Court supports some, but not all, of the numbers listed on each of the four forms. Many of the numbers are not changed from form to form, but the Court has identified four areas of significant dispute.

First, the parties have included different amounts for the Debtor's gross monthly income. The evidence reveals that the Debtor's income from Denver Health and from the U.S. Army, combined and calculated on a monthly basis, is $8,078.90. Both of the Form B22Cs prepared by the Debtor use a figure of $8,360.00. That number is incorrect. The Trustee prepared one Form B22C including the Debtor's student loan payment as income (Exhibit 7) and one Form B22C excluding the Debtor's student loan payment from income (Exhibit 8). The Court finds it appropriate to exclude the Debtor's student loan payment as income on an amended Form B22C.[3] In cases of changed circumstances, the purpose of filing an amended Form B22C is to reflect the circumstances existing at the time of confirmation. Here, including the Debtor's student loan income would not accurately reflect the circumstances existing at the time of

---

[2] The Debtor testified that she does not have more than $511.00 of monthly disposable income. While the Debtor was a credible witness, her testimony is not sufficient to override the facts in evidence. The Court's income calculation is based on the Debtor's pay stubs, and its expense calculation is based on the Debtor's numbers, as modified in one instance by her testimony that the non-reimbursed food/travel expense was an annual amount, not a monthly amount. It may be that the Debtor, like many debtors who appear before the Court, simply lacks experience with budgeting and financial record-keeping. It may be that her Schedule J understates her expenses, but it was the Debtor's responsibility to list those amounts accurately. The evidence before the Court points inescapably to the conclusion that the Debtor has disposable income well in excess of $1,000.00 per month.

[3] Of course, the Debtor should have included the payment as income on the **initial** Form B22C filed with her bankruptcy petition. It is only in the case of an **amended** Form B22C that a debtor may reflect any changed circumstances under *Lanning*.

ORDER DENYING PLAN CONFIRMATION
Case No. 10-20045 HRT

confirmation.[4] The Court finds that for purposes of an amended Form B22C, the Debtor's total gross income, to be listed on line 15, should be $8,078.90.

Second, the parties have listed different amounts for the Debtor's ongoing tax obligations on line 30. The Debtor has listed $2,269.00. The Trustee believes that the Debtor is overwithholding, which may be understandable given the amount of taxes owed as a result of the $50,000.00 student loan payment made by the Army. The Trustee testified that she calculated the Debtor's ongoing tax liability at $1,734.76. The Trustee's number may be accurate, but the Trustee was not able to provide the details of how she arrived at that number. The Court will therefore use the Debtor's number, which provides a significant benefit to the Debtor. The amount of ongoing taxes listed on line 30 of an amended Form B22C should be $2,269.00.

Third, the parties have listed different numbers for the Debtor's involuntary deductions, health insurance, and disability insurance. Exhibit C, the Debtor's Form B22C, does not include any involuntary deductions on line 31, but on line 39 lists $426.00 in health and disability insurance. Exhibit 8, the Trustee's Form B22C, lists $381.79 on line 31 and $74.46 on line 39. The evidence supports the Trustee's numbers as listed on Exhibit 8, lines 31 and 39.

Fourth, and most significantly, the Debtor's B22C (Exhibit C) includes a $2,385.00 deduction for special circumstances on line 57. The continuation page breaks down the deduction as follows: $2,300.00 for post-petition tax liability, and $85.00 for professional licensing and professional associations. As to the $2,300.00 for tax liability, the Court finds that no special circumstance deduction is appropriate. The Debtor's pre-petition tax liability is sufficiently provided for on line 49, as the amount included, $165.39, when multiplied over the length of the plan, covers the additional taxes owed as a result of the $50,000.00 student loan payment. The Debtor's post-petition, ongoing tax liability is sufficiently provided for on line 30. Between line 49 and line 30, the Form B22C fully accounts for any liability the Debtor may have to the IRS or the Colorado Department of Revenue over the life of her plan. To include an additional deduction double-counts the amount listed on line 30. In effect, the Debtor is asking this Court to allow a $4,569.00 monthly expense for tax withholding, which number is wholly unjustified by the Debtor's income or financial circumstances. As to the $85.00 for professional licensing and professional associations, the Debtor testified that that amount is an annual number, not a monthly number. Further, the Debtor has provided neither an itemized

---

[4] In this case, on Exhibit 7, the Trustee accounted for the Debtor's changed circumstances by including a special circumstances deduction on line 57. Such a deduction is not an appropriate use of line 57. A "changed circumstance" under *Lanning* is not necessarily a "special circumstance" on line 57, the latter of which must meet the requirements of § 707(b)(2)(B). *See In re Martellaro*, 404 B.R. 548, 562 (Bankr. D. Mont. 2008) (expenses listed on line 57 must satisfy § 707(b)(2)(B)).

documentation of those expenses nor a detailed explanation that no reasonable alternative exists, as required by § 707(b)(2)(B). *See In re Martellaro*, 404 B.R. 548, 562 (Bankr. D. Mont. 2008) (expenses listed on line 57 must satisfy § 707(b)(2)(B)). The Court therefore finds that no amount should be listed on line 57 of an amended Form B22C.

The Court has calculated the Debtor's disposable income using the numbers discussed above, and in all other instances where the Trustee's numbers and Debtor's numbers differed, has given the Debtor the benefit of the doubt. The Court's calculation is attached as Exhibit A. As detailed on Exhibit A, the Debtor's monthly disposable income, for purposes of § 1325(b)'s best efforts test, is at least $1,217.26.

## CONCLUSION

According to the evidence at trial, the Debtor's Form B22C should be amended to reflect monthly disposable income of at least $1,217.26. Section 1325(b)'s best efforts test requires the Debtor's plan to pay up to that amount, to the extent necessary to pay her unsecured creditors in full. According to the evidence at trial, the Debtor is able to afford a monthly payment of $1,217.26, as her net monthly income is $1,930.72. The Debtor's Third Amended Chapter 13 Plan, which provides for a payment of only $511.00 per month, cannot be confirmed.

IT IS THEREFORE ORDERED that confirmation of the Debtor's Amended Chapter 13 Plan (docket #39) is DENIED. The Debtor must file an amended Chapter 13 plan within twenty-one (21) days of the date of this Order, failing which her case will be dismissed.

Dated this  26th  day of January, 2011.

BY THE COURT:

_____
Howard R. Tallman, Chief Judge
United States Bankruptcy Court

**Exhibit A**

| Line | Description | Amount | Totals | Source |
|---|---|---|---|---|
| 2 | Gross wages: Denver Health salary | $7,525.70 | | pay stub |
| 9a | Gross Income from other sources: Army | $553.20 | | pay stub |
| 11 | Total Gross Income | | **$8,078.90** | |
| 15 | Annualized current monthly income | $96,946.80 | | |
| 24A | National standards: food, apparel, services, housekeeping, etc. | $526.00 | | |
| 24B | National standards: health care | $60.00 | | |
| 25A | Local standards: housing and utilities; non-mortgage expense | $337.00 | | |
| 25B | Local standards: housing and utilities; mortgage expense | $0.00 | | |
| 27A | Local standards: transportation; vehicle operation | $236.00 | | |
| 28 | Local standards: transportation ownership/lease expense | $374.83 | | |
| 30 | Other necessary expenses: taxes | $2,269.00 | | Debtor's #, ex. C |
| 31 | Other necessary expenses: involuntary deductions | $381.79 | | Trustee's #, ex. 8 |
| 32 | Other necessary expenses: life insurance | $27.00 | | Trustee's #, ex. 8 |
| 36 | Other necessary expenses: health care | $88.00 | | |
| 38 | Total Expenses under IRS standards (lines 24-37) | | $4,299.62 | |
| 39 | Health Insurance, disability insurance | $74.46 | | Trustee's #, ex. 8 |
| 45 | Charitable contributions | $125.00 | | Debtor's #, ex. C |
| 46 | Total additional expense deductions | | $199.46 | |
| 47 | Future payments on secured claims | $1,354.17 | | |
| 49 | Payments on prepetition priority claims | $165.39 | | Debtor's #, ex. C |
| 50 | Chapter 13 administrative expenses | $200.00 | | Trustee's #, ex. 8 |
| 51 | Total deductions for debt payment (lines 47-50) | | $1,719.56 | |
| 52 | All deductions from income (lines 38, 46, and 51) | | $6,218.64 | |
| 53 | Current monthly income (line 20) [here, same as line 11] | $8,078.90 | | |
| 55 | Qualified retirement deductions | $643.00 | | Debtor's #, ex. C |
| 56 | All deductions under 707(b)(2) (line 52) | $6,218.64 | | |
| 57 | Special circumstances | $0.00 | | |
| 58 | Total adjustments to determine disposable income (lines 54-57) | | **$6,861.64** | |
| 59 | Monthly Disposable Income (line 53 - line 58) | | **$1,217.26** | |